

**FILED** LK

7/13/2021

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)  No.
v. )
)
SARAH JACKSON ABEDELAL )
)
)

**1:21-CR-00433**
JUDGE ELLIS
MAGISTRATE JUDGE VALDEZ

Violation:  Title 18, United States
Code, Section 1343

**UNDER SEAL**

## COUNT ONE

The SPECIAL MAY 2021 GRAND JURY charges:

1. At times material to this indictment:

### Relevant Entities and Individuals

a. Chicago Public Schools ("CPS") was an independent school district and unit of local government governed by the Chicago Board of Education ("CBOE").

b. Brennemann Elementary School ("Brennemann School") was an elementary school operated by CPS, located at 4251 North Clarendon Avenue, Chicago, Illinois. The school provided classroom education to approximately four hundred students ranging from pre-kindergarten to the eighth grade.

c. Defendant SARAH JACKSON ABEDELAL was employed by CPS as the principal of Brennemann School. ABEDELAL managed and supervised the day-to-day operations of Brennemann School. Her duties included, among other things, hiring, firing and supervising business operations managers, business

managers, teachers, teaching assistants, special education classroom assistants, clerks, and other school employees; overseeing the school's finances including employee payroll, as well as overtime, which was referred to as Supplemental Pay or Extended Day Pay.

      d.    Business operations managers, business managers, and clerks reported directly to ABEDELAL and performed duties relating, among other things, to the processing and payment of wages and overtime to school employees.

      e.    Individual A was employed as the assistant principal at Brennemann School and assisted ABEDELAL in managing and supervising the day-to-day operations of the school.

      f.    Business Manager A was employed as a special education classroom assistant and later as a clerk and business manager at Brennemann School.

      g.    Business Manager B was employed as a special education classroom assistant and later as a business manager and business operations manager at Brennemann School.

      h.    Business Manager C worked as a clerk and later as a business manager at Brennemann School.

### Applicable CPS Policies

      i.    According to CPS Policy Handbook and the CPS Code of Ethics, ABEDELAL, Individual A and Business Managers A, B and C owed a fiduciary duty

2

to CBOE and CPS, the taxpayers of the city of Chicago and the State of Illinois, and were required at all times to act in the highest ethical manner to preserve the public trust of residents and taxpayers.

   j.  The CPS Employee Policy Handbook, Discipline and Due Process Policy, the CPS Code of Ethics, and other CPS guidelines set forth standards of conduct for Chicago Public School employees, including the following:

     i.  CPS property and funds were to be used only for CPS purposes and in the manner specified or directed by CPS or CBOE. No official or employee was to engage in or permit the misuse of Board property or funds.

     ii.  No CPS official or employee was allowed to falsify an attendance or other employment record.

     iii.  No CPS official or employee was allowed to steal or take unauthorized possession of CPS or CBOE property.

     iv.  No CPS official or employee was allowed to direct, authorize, allow or ask an employee to perform services with or without pay, for unauthorized purposes, or accepting the benefits of such performance.

     v.  All CPS officials and employees were required to report violations of the Code of Ethics to the Ethics Advisor.

     vi.  All CPS officials and employees covered by the Code of Ethics were required to abide by any and all applicable local, state and federal laws, rules and regulations.

## The Scheme

2.      Beginning in or around spring 2012, and continuing until in or around May 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SARAH JACKSON ABEDELAL,

defendant herein, together with others known and unknown to the Grand Jury, knowingly devised, intended to devise, and participated in a scheme to defraud CPS and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the concealment of material facts, as further described below.

3.      It was part of the scheme that ABEDELAL and Individual A, assisted by Business Managers A, B and C, and others, obtained money and property belonging to CPS by fraudulently causing certain school employees (collectively, the "School Employees") to receive overtime pay for hours that they did not work, and requiring the School Employees to remit the unearned overtime pay in cash or in the form of gift cards to ABEDELAL and Individual A.

4.      It was further part of the scheme that ABEDELAL told the School Employees that she would authorize overtime pay for hours which the School Employees would not be required to work, and directed the School Employees to deliver the cash proceeds of the unearned overtime, or in one case, prepaid gift cards, to ABEDELAL or Individual A.

4

5.     It was further part of the scheme that ABEDELAL falsely and fraudulently represented to the School Employees that the unearned overtime money was going to be used to pay other legitimate expenses incurred by Brennemann School, when in fact ABEDELAL intended to convert the money to her own personal use and benefit.

6.     It was further part of the scheme that ABEDELAL and Individual A, and Business Managers A, B and C, acting at the direction of ABEDELAL and Individual A, fraudulently prepared overtime sheets that falsely represented that the School Employees had worked substantial amounts of overtime hours that ABEDELAL, Individual A and Business Managers A, B and C knew the School Employees had not in fact worked.

7.     It was further part of the scheme that ABEDELAL and Individual A, and Business Managers A, B and C provided the false and fraudulent overtime sheets to School Employees for their signatures or called the School Employees to the business office, and directed them to sign the overtime sheets certifying that the School Employees had, in fact, worked all the overtime hours listed on the overtime sheets, when ABEDELAL, Individual A and Business Managers A, B, and C knew that the School Employees had not worked a substantial portion of the overtime hours listed on the sheets.

8.     It was further part of the scheme that Business Managers A, B, and C, acting at the direction of ABEDELAL, caused false and fraudulent overtime amounts

5

to be entered into the CPS electronic payroll system, thereby causing paychecks containing the unearned overtime to be sent to the School Employees' bank accounts by electronic funds transfer.

9.      It was further part of the scheme that ABEDELAL directed the School Employees to withdraw the unearned overtime money in cash on the day their paychecks were deposited into their bank accounts (less the portion of the unearned overtime needed to cover federal and state taxes on the unearned overtime money), and to deliver the cash directly to ABEDELAL or to Individual A.

10.      It was further part of the scheme that ABEDELAL met with the School Employees individually in her office, or in teachers' classrooms, on paydays to collect the unearned overtime in cash from them.

11.      It was further part of the scheme that, in order to conceal and prevent detection of the scheme, ABEDELAL purchased money orders at a currency exchange with cash that she received from the School Employees, and used the money orders to pay for her personal expenses, including but not limited to the mortgage on her home.

12.      It was further part of the scheme that, by the above means, ABEDELAL fraudulently obtained at least $200,000 in CPS money to which she was not entitled.

13.      It was further part of the scheme that defendants ABEDELAL, Individual A, Business Managers A, B, and C, and others did misrepresent, conceal

Case: 1:21-cr-00433 Document #: 1 Filed: 07/13/21 Page 7 of 18 PageID #:64

and hide, and cause to be concealed, misrepresented and hidden, the acts done in and the purposes of the acts done in furtherance of the scheme.

14.     On or about October 7, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SARAH JACKSON ABEDELAL,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings signs and signals, namely, electronic payroll instructions from a computer located in Illinois to a server located in Utah, that included a payroll payment instruction for a School Employee in the amount of approximately $2,628.96, based on a false overtime sheet submitted to CPS;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL MAY 2021 GRAND JURY further charges:

1.      Paragraphs 1 through 13 of Count One are incorporated here.

2.      On or about October 24, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SARAH JACKSON ABEDELAL,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings signs and signals, namely, electronic payroll instructions from a computer located in Illinois to a server located in Utah, that included a payroll payment instruction for a School Employee in the amount of approximately $2,496.37, based on a false overtime sheet submitted to CPS;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL MAY 2021 GRAND JURY further charges:

1.     Paragraphs 1 through 13 of Count One are incorporated here.

2.     On or about December 17, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SARAH JACKSON ABEDELAL,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings signs and signals, namely, electronic payroll instructions from a computer located in Illinois to a server located in Utah, that included a payroll payment instruction for a School Employee in the amount of approximately $2,580.53, based on a false overtime sheet submitted to CPS;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL MAY 2021 GRAND JURY further charges:

1.     Paragraphs 1 through 13 of Count One are incorporated here.

2.     On or about May 21, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SARAH JACKSON ABEDELAL,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings signs and signals, namely, electronic payroll instructions from a computer located in Illinois to a server located in Utah, that included a payroll payment instruction for a School Employee in the amount of approximately $2,541.89, based on a false overtime sheet submitted to CPS;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL MAY 2021 GRAND JURY further charges:

1.      Paragraphs 1 through 13 of Count One are incorporated here.

2.      On or about May 21, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SARAH JACKSON ABEDELAL,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings signs and signals, namely, electronic payroll instructions from a computer located in Illinois to a server located in Utah, that included a payroll payment instruction for a School Employee in the amount of approximately $3,862.46, based on a false overtime sheet submitted to CPS;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL MAY 2021 GRAND JURY further charges:

1.      Paragraphs 1 through 13 of Count One are incorporated here.

2.      On or about June 1, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SARAH JACKSON ABEDELAL,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings signs and signals, namely, electronic payroll instructions from a computer located in Illinois to a server located in Utah, that included a payroll payment instruction for a School Employee in the amount of approximately $4,503.53, based on a false overtime sheet submitted to CPS;

In violation of Title 18, United States Code, Section 1343.

## COUNT SEVEN

The SPECIAL MAY 2021 GRAND JURY further charges:

1.  Paragraphs 1 through 13 of Count One are incorporated here.

2.  On or about December 3, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SARAH JACKSON ABEDELAL,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings signs and signals, namely, electronic payroll instructions from a computer located in Illinois to a server located in Utah, that included a payroll payment instruction for a School Employee in the amount of approximately $3,008.80, based on a false overtime sheet submitted to CPS;

In violation of Title 18, United States Code, Section 1343.

## COUNT EIGHT

The SPECIAL MAY 2021 GRAND JURY further charges:

1.      Paragraphs 1 through 13 of Count One are incorporated here.

2.      On or about November 30, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SARAH JACKSON ABEDELAL,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings signs and signals, namely, electronic payroll instructions from a computer located in Illinois to a server located in Utah, that included a payroll payment instruction for a School Employee in the amount of approximately $6,261.11, based on a false overtime sheet submitted to CPS;

In violation of Title 18, United States Code, Section 1343.

14

## COUNT NINE

The SPECIAL MAY 2021 GRAND JURY further charges:

1.      Paragraphs 1 through 13 of Count One are incorporated here.

2.      On or about December 28, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SARAH JACKSON ABEDELAL,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings signs and signals, namely, electronic payroll instructions from a computer located in Illinois to a server located in Utah, that included a payroll payment instruction for a School Employee in the amount of approximately $3,247.85, based on a false overtime sheet submitted to CPS;

In violation of Title 18, United States Code, Section 1343.

## COUNT TEN

The SPECIAL MAY 2021 GRAND JURY further charges:

1.      Paragraphs 1 through 13 of Count One are incorporated here.

2.      On or about January 28, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SARAH JACKSON ABEDELAL,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings signs and signals, namely, electronic payroll instructions from a computer located in Illinois to a server located in Utah, that included a payroll payment instruction for a School Employee in the amount of approximately $1,643.21, based on a false overtime sheet submitted to CPS;

In violation of Title 18, United States Code, Section 1343.

16

## **FORFEITURE ALLEGATION**

The SPECIAL MAY 2021 GRAND JURY alleges:

1.     Counts One through Ten of this indictment are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.     Upon conviction of one or more of the wire fraud offenses charged in violation of Title 18, United States Code, Section 1343, set forth in Counts One through Ten of this indictment,

### SARAH JACKSON ABEDELAL,

defendant herein, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2146(c) any property, real of personal, which constitutes or is derived from proceeds traceable to the offense or offenses of conviction.   The property to be forfeited includes but is not limited to:

a. The real property commonly known as 6505 South Woodlawn Avenue, Chicago, Illinois, legally described as follows:

Lot Three (3) in the Subdivision of Lots 1 to 6 in Block One (1) in Wait and Munro's Addition to Hyde Park, being a subdivision in the West Half (1/2) of the North East Quarter(1/4) of section 23, Township 38, North, Range 14, East of the Third Principal Meridian in Cook County, Illinois.

PIN No. 20-23-211-003-0000

17

    b.  A sum of money equal to the proceeds derived from the offense or

offenses of conviction.

    3.     If, as a result of any act or omission by the defendants, any of the

forfeitable property described above:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the Court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be

divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title

28, United States Code, Section 2461(c).

A TRUE BILL:


_____
FOREPERSON


_____
Signed by Amarjeet S. Bhachu
on behalf of the
UNITED STATES ATTORNEY

18